# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**PER CURIAM**:

2013-OB-2592        IN RE: COMMITTEE ON BAR ADMISSIONS CFN-1979

Accordingly, it is ordered that the application for admission be and hereby is denied. In accordance with Supreme Court Rule XVII, Section 9(D)(13), petitioner may not reapply for admission until two years have passed from the date of this judgment.
ADMISSION DENIED.

SUPREME COURT OF LOUISIANA

NO. 13-OB-2592

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-1979

ON APPLICATION FOR ADMISSION TO THE BAR

PER CURIAM

The Committee on Bar Admissions ("Committee") opposed petitioner's application to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his failure to disclose a DWI arrest on his law school application. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.

Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation into petitioner's qualifications to be admitted to the bar.

The commissioner conducted a character and fitness hearing pursuant to Supreme Court Rule XVII, § 9(D)(6). The commissioner received documentary evidence and heard testimony on a variety of issues in addition to those raised by the Committee when petitioner was initially denied permission to sit for the bar exam. These issues included petitioner's involvement in a hit and run accident in which alcohol was allegedly a factor, a pattern of financial irresponsibility on the

part of petitioner, and a lack of candor by petitioner in connection with his application for admission to the Louisiana Bar.

At the conclusion of the hearing, the commissioner filed his report with this court, recommending admission be denied. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).

After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has "good moral character" to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).

Accordingly, it is ordered that the application for admission be and hereby is denied. In accordance with Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until two years have passed from the date of this judgment.

**ADMISSION DENIED.**